# CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND JAMES CITY COUNTY

Riverside Hospital, Inc.,
d/b/a Riverside Regional
Medical Center

v.

Robert B. Stroube,
Acting State Health
Commissioner,
and Sentara Healthcare

March 17, 2003

Case No. (Chancery) CH01-13836

BY JUDGE JOANNE F. ALPER

This case comes before the Court on Riverside Hospital, Inc.'s ("Riverside") appeal of the State Healthcare Commissioner's ("Commissioner") denial of a Certificate of Public Need. After hearing oral argument on January 15, 2003, and carefully reviewing the pleadings, briefs, case law, and facts of this case, the Court sets forth its ruling below.[1]

## I. *Background*

Petitioner runs Riverside Regional Medical Center and is part of the Riverside Health System, located in Newport News, Virginia. Riverside

---

[1] As required by statute, this case is pending in the Circuit Court of the City of Williamsburg and James City County. Pursuant to Va. Code Ann. § 32.1-102.1 *et seq.*, the undersigned was designated by the Supreme Court of Virginia to hear and decide the case.

currently owns and operates one fixed MRI unit and one mobile MRI unit in the Tidewater area. In May 2001, Riverside received a Certificate of Public Need ("COPN") to purchase a second mobile MRI unit. This additional unit would allow Riverside's mobile MRI unit to serve an additional hospital.

Riverside also owns Williamsburg Crossing, a medical care facility and diagnostic center located in James City County. In March 2001, Riverside desired to expand its mobile MRI network to include Williamsburg Crossing which is in Health Planning District 21. Riverside therefore filed an application for COPN approval. However, at approximately the same time, Respondent Sentara Healthcare ("Sentara") and several other entities sought similar approval to establish MRI service in District 21. Most notably, Sentara desired to gain COPN approval for a facility at Williamsburg Community Hospital.

On October 12, 2001, after an Informal Fact Finding Conference ("IFFC") and further investigation of all applications, the Commissioner adopted the recommendation of the Adjudication Officer who had investigated the applications for COPN in District 21. In his decision, the Commissioner approved Sentara's request for a COPN and denied Riverside's request along with that of the other remaining applicant, MMR Holding. MMR Holding and the other applicants are not parties to this appeal and will not be addressed in this opinion.

## II. *Commissioner's Findings*

The Commissioner issued his report ("the Report") following an Informal Fact Finding Conference on October 12, 2001. The Report made findings that the Commissioner ultimately relied upon in his decision to award a COPN to Sentara Healthcare. The Commissioner found that the Eastern Virginia Health Systems Agency ("EVHSA") *Board* voted to recommend approval of the Riverside application notwithstanding that the EVHSA *staff* recommended approval of Sentara's plan. The Report went on to say that Sentara's plan was substantially consistent with the State Medical Facilities Plan ("SMFP") criteria while Riverside's plan was inconsistent with those criteria. The Commissioner concluded that Sentara's plan would meet a clear institutional need for which no less costly or more effective alternative existed and that approval of Sentara would be consistent with recent decisions of the State Health Commissioner.

The Commissioner also reported that Riverside's application did not meet the standard for hospital-based preference as set forth in 12 VAC 5-320-150. The Commissioner found no problems associated with availability,

geographical accessibility, or distribution of MRI services in Districts 20 or 21 that would be addressed by Riverside's application and that Riverside's proposal would negatively affect the utilization costs and charges of existing MRI providers in Districts 20 and 21. The Commissioner concluded that Riverside's proposal was not the least costly and most effective alternative and denied Riverside's application for a COPN.

## III. *Standard of Review*

The Virginia Administrative Process Act, Va. Code §§ 9-6.14:1 to 9-6.14:25, governs review by the Circuit Court on appeal from an administrative agency such as the Department of Health. Va. Code § 32.1-24; *See, Roanoke Memorial Hospitals v. Kenley*, 3 Va. App. 599, 352 S.E.2d 525 (1987). The Act provides four bases upon which an appeal to the Circuit Court may be founded: (1) agency failure to accord constitutional right, power, privilege, or immunity; (2) agency failure to comply with statutory authority, jurisdiction limitations, or right as provided in the basic laws; (3) agency failure to observe required procedures where the failure is not mere harmless error; and (4) agency failure to have substantial evidential support for findings of fact. See Va. Code § 9-6.14:17.

The Virginia Court of Appeals summarized the degree of deference to be given to an agency's decision on appeal in *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 369 S.E.2d 1 (1988):

> Where the issue is whether there is substantial evidence to support findings of fact, great deference is to be accorded the agency decision. Where the issue falls outside the specialized competence of the agency, such as constitutional and statutory interpretation issues, little deference is required to be accorded the agency decision. Where, however, the issue concerns an agency decision based on the proper application of its expert discretion, the reviewing court will not substitute its own independent judgment for that of the agency but rather will reverse the agency decision only if that decision was arbitrary and capricious. Finally, in reviewing an agency decision, the courts are required to consider the experience and specialized competence of the agency and the purposes of the basic law under which the agency acted.

6 Va. App. 231

It has become the common practice to catalogue and define the limited judicial review of agency decisions pursuant to Va. Code § 9-6.14:17 in the following manner: (1) whether the agency acted in accordance with law; (2) whether the agency made a procedural error which was not harmless error; and (3) whether the agency had sufficient evidential support for its findings of fact. *Id.* at 7. In light of these standards of review, the Court now considers the specific issues raised by Riverside.

## IV. *Discussion*

The Court has reviewed the findings made by the Commissioner and considered the arguments presented by all parties involved in this appeal. This opinion will address the three main issues in this appeal: the Commissioner's finding that Petitioner Riverside's Williamsburg Crossing site did not meet the criteria to be considered "hospital-based" under 12 VAC 5-320-150; the Commissioner's findings of fact and whether it was appropriate on these facts to award a COPN to Sentara Healthcare; and the role of *stare decisis* in Commissioner's rulings.

### A. *Preference for Hospital-Based MRI Services*

In his report, the Commissioner determined that Riverside's Williamsburg Crossing location did not meet the criteria to classify it as a hospital-based facility. The SMFP states that applications for locations providing hospital-based MRI services are to be given preference. 12 VAC 5-320-150. The Commissioner found that Williamsburg Crossing was not hospital-based because it was not physically attached or adjacent to a hospital. However, 12 VAC 5-320-10 states that the criteria for being hospital-based include not only being physically attached to a hospital but also "legally associated with or physically associated with one or more hospitals." *Id.* The Williamsburg Crossing facility is a satellite medical office building associated with the Riverside Regional Medical Center. Because RRMC is located in Newport News and Williamsburg Crossing is located in James City County, the facilities are obviously not physically attached. However, because the SMFP also classifies centers that are *legally* associated with existing hospitals as hospital-based, it seems clear that the Riverside application should have been considered hospital-based for the purpose of 12 VAC 5-320-150. Therefore, the Commissioner's conclusion that Williamsburg Crossing was not hospital-based was a mistake of law.

Yet, the issue of receiving hospital-based preference is only one of two factors addressed by 12 VAC 5-320-150. While section A grants preference to hospital-based providers, section — states that, "no MRI service should be approved at a site which is within 45 minutes driving time of: (i) a COPN approved or exempted MRI service that is not yet operational; or (ii) an existing MRI service that has performed fewer than 3,500 MRI scans or at least 3,000 MRI scans excluding those performed on behalf of the applicant during the relevant reporting period." The evidence is clear in this matter. Mary Immaculate Hospital is well within the 45-minute range of Riverside's proposed site and its MRI performed only 2,295 scans during the reporting period. Thus Riverside did not meet the threshold requirement of 3,500 scans per reporting period at a facility within 45 minutes of the proposed site, a fact which Riverside does not dispute. Therefore, Riverside does not meet both requirements for hospital-based preference found in 12 VAC 5-320-150.

In determining the need for new services, the Commissioner should have considered both factors of 12 VAC 5-320-150. The rule states that hospital-based treatment facilities are to be given preference *and* that there is a threshold requirement for 3,500 scans per reporting period at a facility within 45 minutes of the proposed site to demonstrate public need. In this case, the Commissioner made a mistake of law in determining that Riverside's Williamsburg Crossing facility was not hospital-based. However, the Court holds that this was harmless error because of section B of 12 VAC 5-320-150. While preference must be given to applications which provide hospital-based MRI services, the requirements of section B provide a threshold of scans that must also be met. Because Riverside's application did not meet the threshold of 3,500 scans, the Commissioner had the discretion to deny its COPN for an MRI unit at Williamsburg Crossing. Therefore, the Commissioner did not commit error in denying Riverside's application based upon the need for new services.

## B. *Competing Applications*

Riverside argues that the competing applications of Sentara and other parties caused the Commissioner to choose one plan from the group of competing applications and that the applications should have been considered independently of each other. Riverside argues that but for these competing applications, there would have been no IFFC and that the Commissioner would have approved the Riverside plan because of its substantial conformity to the SMFP.

The Commissioner's Adjudication Officer conducted the IFFC to consider the five competing applications. Based upon the information collected at the IFFC, the Adjudication Officer recommended approving the Sentara plan. Riverside's argument presumes that Sentara would not have objected had the Riverside plan been approved. By objecting, Sentara would have caused an IFFC to occur. There is simply no way to conclude that an IFFC would not have occurred but for the competing applications or that the Commissioner would have determined Riverside's application demonstrated a clear, public need. Therefore, it was not an error for the Commissioner to consider the recommendation of the Adjudication Officer following the IFFC.

Furthermore, the Commissioner had ample evidentiary support for his decision to give a COPN to Sentara. The Commissioner is correct that public policy under-girds the Commonwealth's position of awarding COPN's on the basis of proven need. The Commissioner's task is to determine where the public's needs lie and how those needs would best be served. It is clear from both the memoranda presented to the Court and oral argument that public need is best served by expanding services at a general hospital facility as opposed to providing additional services to a limited number of patients already within the Riverside system, and Riverside readily admits that its MRI services would primarily be available for those patients already within their healthcare system.

The decision to award a COPN is discretionary. The Commissioner's decision was clearly based on the guidelines after considering all the evidence on the issue of the public's needs. The Court finds that the Commissioner did not abuse his discretion and that there was ample evidence for the Commissioner to award a COPN to Sentara and deny a COPN to Riverside.

## C. *Stare Decisis*

Finally, Riverside argues that the Commissioner's findings were not based upon the recommendation of the appropriate health planning agency and that the Commissioner ignored prior precedent on the same issue. In past decisions, the Commissioner has relied upon the recommendation of the EVHSA Board, and not the staff, in making its decision regarding the award of a COPN. In this matter, Riverside argues that the Commissioner should be bound by prior decisions because COPN applicants rely upon the reports in making their plans for expanding healthcare services. However, there is no statutory requirement that the Commissioner follow the EVHSA Board's recommendation over the staff's recommendation.

Additionally, the doctrine of *stare decisis* does not normally apply to administrative decisions. Counsel for the Commissioner relies upon the West Virginia case of *Chesapeake & Potomac Tel. Co. of W. Va. v. Public Service Commission of W. Va.*, 300 S.E.2d 607 (W. Va. 1982) (quoting 2 K. Davis, *Administrative Law*, § 18.09 (1958)). The Supreme Court of Appeals of West Virginia held that the role of an agency involves regulatory actions and not application of law, thus necessitating the ability to consider the facts of individual cases without being bound by prior precedent. *Id.* This Court agrees with that ruling. The role of the State Healthcare Commissioner involves regulatory action and must permit him to be free to make decisions based upon the circumstances at hand and not be burdened by past decisions. Furthermore, the previous decisions of the Commissioner cited by Riverside relate to medical equipment which is different from the MRI units in this matter. Riverside's reliance on prior decisions of the Commissioner is misplaced because Riverside fails to consider different circumstances and distinctions between unrelated COPN applications and because the doctrine of *stare decisis* does not apply to administrative decisions.

## V. *Conclusion*

For the reasons set forth herein, the Court concludes that the State Healthcare Commissioner did not err in his decision to deny Riverside's application for a COPN. Because Riverside's proposal does not meet the second part of the test in 12 VAC 5-320-15, requiring a threshold of 3,500 scans to be performed within a 45 minute radius of the proposed site, the finding regarding hospital-based preference is held to be harmless error and the decision of the State Healthcare Commissioner is affirmed. Additionally, there was ample evidence to support the Commissioner's decision to grant Sentara a COPN; the decision to deny Riverside's application was supported by evidence and was not an abuse of discretion. Finally, Riverside's reliance on prior decisions of the Commissioner is misplaced because Riverside fails to consider different prevailing circumstances and distinctions between unrelated COPN applications and because the doctrine of *stare decisis* does not apply to administrative decisions.